| FORM B1 | **United States Bankruptcy Court**<br>Middle District of North Carolina | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Rogers, Terry Anthony** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Rogers, Lisa Paylor** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): **xxx-xx-4264** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): **xxx-xx-3110** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**129 Friendship Crossing**<br>**Roxboro, NC 27574** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**129 Friendship Crossing**<br>**Roxboro, NC 27574** |
| County of Residence or of the<br>Principal Place of Business: **Person** | County of Residence or of the<br>Principal Place of Business: **Person** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|
| ■ Individual(s)  ☐ Railroad<br>☐ Corporation  ☐ Stockbroker<br>☐ Partnership  ☐ Commodity Broker<br>☐ Other_____  ☐ Clearing Bank | ☐ Chapter 7  ☐ Chapter 11  ■ Chapter 13<br>☐ Chapter 9  ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |

| **Nature of Debts** (Check one box)<br>■ Consumer/Non-Business  ☐ Business | **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only.)<br> Must attach signed application for the court's consideration<br> certifying that the debtor is unable to pay fee except in installments.<br> Rule 1006(b). See Official Form No. 3. |
|---|---|
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br> 11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information** (Estimates only)
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

# Voluntary Petition
*(This page must be completed and filed in every case)*

FORM B1, Page 2

**Name of Debtor(s):**
**Rogers, Terry Anthony**
**Rogers, Lisa Paylor**

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X    **/s/ Terry Anthony Rogers**
Signature of Debtor **Terry Anthony Rogers**

X    **/s/ Lisa Paylor Rogers**
Signature of Joint Debtor **Lisa Paylor Rogers**

Telephone Number (If not represented by attorney)

**February 16, 2005**
Date

### Signature of Attorney

X    **/s/ for John T. Orcutt**
Signature of Attorney for Debtor(s)
**for John T. Orcutt 10212**
Printed Name of Attorney for Debtor(s)
**The Law Offices of John T. Orcutt, PC**
Firm Name
**6616-203 Six Forks Road**
**Raleigh, NC 27615**
Address            **Email: postlegal@johnorcutt.com**
**(919) 847-9750  Fax: (919) 847-3439**
Telephone Number
**February 16, 2005**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X   **/s/ for John T. Orcutt**          **February 16, 2005**
Signature of Attorney for Debtor(s)          Date
**for John T. Orcutt**

### Exhibit C

Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
■ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C.§ 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.

# United States Bankruptcy Court
## Middle District of North Carolina

In re    **Terry Anthony Rogers**
       **Lisa Paylor Rogers**

                                    Debtor(s)

Case No.

Chapter    **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | $ | **1,500.00** |
   | Prior to the filing of this statement I have received | $ | **0.00** |
   | Balance Due | $ | **1,500.00** |

2. $ **0.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ⭕ Debtor      ⬜ Other (specify):    **PACER Access Fee: $5.00/Credit Report Fee(s): $ 20.00/Court Search Fee(s):$20.00**

4. The source of compensation to be paid to me is:

   ⬜ Debtor      ⭕ Other (specify):

5. ⭕ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ⬜ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached. **Payment to outside counsel, if any, for handling 341 meeting .**

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
        **Exemption planning and other items specifically included in attorney/client fee contract or required by Bankruptcy Court local rule.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
        **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding, and any other items excluded in attorney/client fee contract or excluded by Bankruptcy Court local rule.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **February 16, 2005**

**/s/ for John T. Orcutt**
**for John T. Orcutt**
**The Law Offices of John T. Orcutt, PC**
**6616-203 Six Forks Road**
**Raleigh, NC 27615**
**(919) 847-9750  Fax: (919) 847-3439**
**postlegal@johnorcutt.com**

---

In re    **Terry Anthony Rogers,**　　　　　　　　　　　　　　Case No. _____
           **Lisa Paylor Rogers**

_____,
Debtors

# SCHEDULE A. REAL PROPERTY

      Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

      Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

      If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. (See Schedule D.) If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

      If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|:---:|---:|---:|
| **Home and Land:**<br>**129 Friendship Crossing**<br>**Roxboro NC 27574** | **Tenancy by Entirety** | **J** | **89,285.00** | **88,348.00** |

|  |  |  |
|---|---:|---|
| Sub-Total > | **89,285.00** | (Total of this page) |
| Total > | **89,285.00** |  |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037            Best Case Bankruptcy

In re   **Terry Anthony Rogers,**                                                    Case No. _____
        **Lisa Paylor Rogers**

_____,
                                        Debtors

# SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash on Hand** | J | **250.00** |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking-Vision Financial** | J | **25.00** |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods** | J | **1,175.00** |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Clothing** | J | **500.00** |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

Sub-Total >   **1,950.00**
(Total of this page)

_**2**_   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

In re    **Terry Anthony Rogers,**                           Case No. _____

          **Lisa Paylor Rogers**

_____,
Debtors

# SCHEDULE B. PERSONAL PROPERTY
## (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10.   Annuities. Itemize and name each issuer. | X | | | |
| 11.   Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12.   Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13.   Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14.   Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15.   Accounts receivable. | X | | | |
| 16.   Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17.   Other liquidated debts owing debtor including tax refunds. Give particulars. | | **2004-Federal and State Tax Returns** | J | **2,100.00** |
| 18.   Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19.   Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

                                                                Sub-Total >        **2,100.00**
                                                    (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                           Best Case Bankruptcy

In re **Terry Anthony Rogers,**
       **Lisa Paylor Rogers**

Case No. _____

_____,
                    Debtors

# SCHEDULE B. PERSONAL PROPERTY
## (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1998 GMC Suburban GMAC Ins.Pol.#:071331801 Vin.#:3GKFK16R3WG503465 Mileage:132,001** | J | 8,707.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. | X | | | |

|  |  |
|---|---:|
| Sub-Total > | 8,707.00 |
| (Total of this page) | |
| Total > | 12,757.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

In Re:

**Terry Rogers**                                    Case No. _____

Address: 129 Friendship Crossing, Roxboro , NC 27574

                                    Debtor.                    Form 91-c.frm (office)(rev. 11/23/03)

# FORM 91C - PROPERTY CLAIMED AS EXEMPT

The undersigned Debtor hereby claims the following property as exempt pursuant to Chapter 1C, Article 16, & 1C-1601 et seq. of the North Carolina General Statues, and pursuant to other applicable State and Federal laws.

1.  **RESIDENCE EXEMPTION: Real Or Personal Property Used By Debtor Or Debtor's Dependent As Residence Or Burial Plot.** (Total net value not to exceed $10,000 per person.)

| Description of Property & Address | Market Value | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value |
|---|---|---|---|---|
| Home and Land: 129 Friendship Crossing Roxboro NC 27574 | $89,285.00 | Green Tree | $88,348.00 | $937.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | **$937.00** |
| **AMOUNT CLAIMED AS EXEMPT:** | **$937.00** |

2.  **MOTOR VEHICLE EXEMPTION:** (Only one vehicle per person allowed under this paragraph with net value claimed as exempt not to exceed $1,500)

| Year, Make, Model of Motor Vehicle | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| 1998 GMC Suburban | $8,707.00 | Transouth | $10,903.00 | $0.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | $0.00 |
| **AMOUNT CLAIMED AS EXEMPT:** | $0.00 |

3.  **HOUSEHOLD GOODS EXEMPTION: Personal Property Used For Household Or Personal Purposes Needed By Debtor Or Debtor's Dependents:** (Debtor's total net value not to exceed $3,500 per person, plus $750 per dependent (limited to 4 dependents).

| Description of Property | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| Clothing & Personal | | | | $500.00 |
| Kitchen Appliances | | | | $150.00 |
| Stove | | | | $0.00 |
| Refrigerator | | | | $75.00 |
| Freezer | | | | $75.00 |

| | | | | |
|---|---|---|---|---|
| Washing Machine | | | | $0.00 |
| Dryer | | | | $75.00 |
| China | | | | $0.00 |
| Silver | | | | $0.00 |
| Jewelry | | | | $0.00 |
| Living Room Furniture | | | | $0.00 |
| Den Furniture | | | | $0.00 |
| Bedroom Furniture | | | | $100.00 |
| Dining Room Furniture | | | | $50.00 |
| Lawn Furniture | | | | $0.00 |
| (   ) TV  (   ) VCR | | | | $325.00 |
| (   ) Stereo (   ) Radio | | | | $50.00 |
| Musical Instruments | | | | $0.00 |
| (   ) Piano (   ) Organ | | | | $0.00 |
| Air Conditioner/Dehumid. | | | | $0.00 |
| Paintings & Art | | | | $0.00 |
| Lawn Mower | | | | $0.00 |
| Yard Tools | | | | $0.00 |
| Crops | | | | $0.00 |
| Animals | | | | $0.00 |
| Recreational Equipment | | | | $0.00 |
| Computer Equipment | | | | $200.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | $1,675.00 |
| **AMOUNT CLAIMED AS EXEMPT:** | $1,675.00 |

4.  **TOOLS OF TRADE OR PROFESSIONAL BOOKS:** (Used by Debtor or Debtor's dependent. Total net value of all items claimed as exempt not to exceed $750.00 per person.)

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| N/A | | | | $0.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | **$0.00** |
| **AMOUNT CLAIMED AS EXEMPT:** | **$0.00** |

5.  **LIFE INSURANCE:** (No limit on value or number of policies.) (As provided in Article X, Section 5 of North Carolina Constitution.)

| Name of Insurance Co. | Policy No. | Policy Date | Name of Insured | Name of Beneficiary |
|---|---|---|---|---|

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |

6. **PROFESSIONALLY PRESCRIBED HEALTH AIDS:** (For Debtor or Debtor's Dependents.)(No limit on value or number of items.)

| 1. Description of Items: N/A |
|--|
| 2. Description of Items: |

7. **PERSONAL INJURY RECOVERY: Compensation For Personal Injury Or Compensation For The Death Of A Person Upon Whom The Debtor Was Dependent For Support.** (No limit on the amount.)

| Description of Item | Amount |
|--|--|
| N/A | $0.00 |

8. **WILDCARD EXEMPTION**: Any Other Real Or Personal Property Which Debtor Desires to Claim as Exempt. (The amount claimed may not exceed $3,500 **minus** the amount claimed under the Residence Exemption.)

| Description Of Property | Market Value | Lien Holder | Amount of Lien | Net Value |
|--|--|--|--|--|
| Any property owned by the debtor(s), not otherwise claimed as exempt. |  |  |  | $463.00 |
| 2004 Tax Refund | $2,100.00 | N/A | N/A | $2,100.00 |

| | |
|--|--|
| **TOTAL NET VALUE:** | $2,563.00 |
| **AMOUNT CLAIMED AS EXEMPT:** | $2,563.00 |

9. **INDIVIDUAL RETIREMENT ACCOUNTS**: All money in individual retirement accounts as described in Section 1C-1601(a)(9) of the North Carolina General Statutes.

10. **TENANCY BY THE ENTIRETY: All the equity** in the following property is claimed as exempt pursuant to 11 USC 522(b)(2)(B) and the law of the State of North Carolina pertaining to property held as tenants by the entirety. (No limit on amount or number of items.)

| Description of Property & Address |
|--|
| 1. Home and Land:129 Friendship Crossing Roxboro NC 27574 |
| 2. |

11. **NORTH CAROLINA PENSION FUND EXEMPTIONS:**

| Exemption | Amount |
|--|--|
| a. North Carolina Local Government Employees Retirement Benefits NCGS 128-31 | |
| b. North Carolina Teachers and State Employee Retirement Benefits NCGS 135-9 | |
| c. Fireman's Relief Fund pensions NCGS 58-86-90 | |
| d. Fraternal Benefit Society benefits NCGS 58-24-85 | |
| e. Benefits under the Supplemental Retirement Income Plan for teachers and state employees are exempt from levy, sale, and garnishment NCGS 135-95 | |

| | |
|---|---|
| f. Benefits under the Supplemental Retirement Income Plan for state law enforcement officers are exempt from levy, sale, and garnishment NCGS 143-166.30(g) | |

| | |
|---|---|
| **AMOUNT CLAIMED AS EXEMPT:** | **$0.00** |

**12. OTHER EXEMPTIONS CLAIMED UNDER THE LAWS OF THE STATE OF NORTH CAROLINA:**

| Exemption | Amount |
|---|---|
| a. Aid to the Aged, Disabled and Families with Dependent Children NCGS 108A-36 | |
| b. Aid to the Blind NCGS 111-18 | |
| c. Yearly Allowance for Surviving Spouse, NCGS 30-15, NCGS 30-33 | |
| d. Fireman's Relief Fund pensions, NCGS 118-49 | |
| e. Fraternal Benefit Society benefits, NCGS 58-283 | |
| f. Workers Compensation Benefits, NCGS 97-21 | |
| g. Unemployment benefits, NCGS 96-17 | |
| h. Group insurance proceeds, NCGS 58-213 | |
| i. Partnership property, except on a claim against the partnership, NCGS 59-55 | |
| j. Wages of debtor necessary for the support of family, NCGS 1-362 | |

| | |
|---|---|
| **AMOUNT CLAIMED AS EXEMPT:** | $0.00 |

**13. FEDERAL PENSION FUND EXEMPTIONS:**

| Exemption | Amount |
|---|---|
| a. Foreign Service Retirement and Disability Payments  22 USC 4060 | |
| b. Civil Service Retirement Benefits 5 USC 8346 | |
| c. Railroad Retirement Act annuities and pensions 45 USC 231m | |
| d. Veteran benefits 38 USC 5301 ____ | |
| e. Special pension paid to winners of Congressional Medal of Honor 38 USC 1562 | |
| f. Annuities payable for service in the General Accounting Office 31 USC 776 | |

| | |
|---|---|
| **AMOUNT CLAIMED AS EXEMPT:** | $0.00 |

**14. OTHER EXEMPTIONS CLAIMED UNDER NON-BANKRUPTCY FEDERAL LAW:**

| Exemption | Amount |
|---|---|
| a. Foreign Service Retirement and Disability Payments, 22USC 1104 | |
| b. Social Security Benefits, 42 USC 407 | |
| c. Civil Service Retirement Benefits, 5 USC 729, 2265 | |
| d. Railroad Retirement Act annuities and pensions, 45 USC 228 (1) | |

| e. Veteran Benefits, 45 USC 352(E) | |
|---|---|

| **AMOUNT CLAIMED AS EXEMPT:** | $0.00 |
|---|---|

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned Debtor, declares under penalty of perjury that I have read the foregoing document, consisting of 14 paragraphs on consecutive pages, and that they are true and correct to the best of my knowledge, information and belief.

Dated: 2/16/05

s/ Terry Rogers

Terry Rogers

**UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION**

In Re:

**Lisa Rogers**

Case No. _____

Address: 129 Friendship Crossing, Roxboro , NC 27574

Form \91-c.frm (office)(rev. 11/23/03)

Debtor.

# FORM 91C - PROPERTY CLAIMED AS EXEMPT

The undersigned Debtor hereby claims the following property as exempt pursuant to Chapter 1C, Article 16, & 1C-1601 et seq. of the North Carolina General Statues, and pursuant to other applicable State and Federal laws.

1. **RESIDENCE EXEMPTION: Real Or Personal Property Used By Debtor Or Debtor's Dependent As Residence Or Burial Plot.** (Total net value not to exceed $10,000 per person.)

| Description of Property & Address | Market Value | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value |
|---|---|---|---|---|
| Home and Land: 129 Friendship Crossing Roxboro NC 27574 | $89,285.00 | Green Tree | $88,348.00 | $937.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | **$937.00** |
| **AMOUNT CLAIMED AS EXEMPT:** | **$0.00** |

2. **MOTOR VEHICLE EXEMPTION:** (Only one vehicle per person allowed under this paragraph with net value claimed as exempt not to exceed $1,500)

| Year, Make, Model of Motor Vehicle | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| N/A | | | | $0.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | $0.00 |
| **AMOUNT CLAIMED AS EXEMPT:** | $0.00 |

3. **HOUSEHOLD GOODS EXEMPTION: Personal Property Used For Household Or Personal Purposes Needed By Debtor Or Debtor's Dependents:** (Debtor's total net value not to exceed $3,500 per person, plus $750 per dependent (limited to 4 dependents).

| Description of Property | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| Clothing & Personal | | | | $500.00 |
| Kitchen Appliances | | | | $150.00 |
| Stove | | | | $0.00 |
| Refrigerator | | | | $75.00 |

| | | | | |
|---|---|---|---|---|
| Freezer | | | | $0.00 |
| Washing Machine | | | | $75.00 |
| Dryer | | | | $0.00 |
| China | | | | $0.00 |
| Silver | | | | $75.00 |
| Jewelry | | | | $0.00 |
| Living Room Furniture | | | | $0.00 |
| Den Furniture | | | | $0.00 |
| Bedroom Furniture | | | | $100.00 |
| Dining Room Furniture | | | | $50.00 |
| Lawn Furniture | | | | $0.00 |
| (   ) TV   (   ) VCR | | | | $325.00 |
| (   ) Stereo (   ) Radio | | | | $50.00 |
| Musical Instruments | | | | $0.00 |
| (   ) Piano (   ) Organ | | | | $0.00 |
| Air Conditioner/Dehumid. | | | | $0.00 |
| Paintings & Art | | | | $0.00 |
| Lawn Mower | | | | $0.00 |
| Yard Tools | | | | $0.00 |
| Crops | | | | $0.00 |
| Animals | | | | $0.00 |
| Recreational Equipment | | | | $0.00 |
| Computer Equipment | | | | $200.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | $1,675.00 |
| **AMOUNT CLAIMED AS EXEMPT:** | $1,675.00 |

4. **TOOLS OF TRADE OR PROFESSIONAL BOOKS:** (Used by Debtor or Debtor's dependent. Total net value of all items claimed as exempt not to exceed $750.00 per person.)

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| N/A | | | | $0.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | **$0.00** |
| **AMOUNT CLAIMED AS EXEMPT:** | **$0.00** |

5. **LIFE INSURANCE:** (No limit on value or number of policies.) (As provided in Article X, Section 5 of North Carolina Constitution.)

| Name of Insurance Co. | Policy No. | Policy Date | Name of Insured | Name of Beneficiary |
|---|---|---|---|---|
| | | | | |

6. **PROFESSIONALLY PRESCRIBED HEALTH AIDS:** (For Debtor or Debtor's Dependents.)(No limit on value or number of items.)

| Description of Items: |
|---|
| N/A |

7. **PERSONAL INJURY RECOVERY: Compensation For Personal Injury Or Compensation For The Death Of A Person Upon Whom The Debtor Was Dependent For Support.** (No limit on the amount.)

| Description of Item | Amount |
|---|---|
| N/A | $0.00 |

8. **WILDCARD EXEMPTION**: Any Other Real Or Personal Property Which Debtor Desires to Claim as Exempt. (The amount claimed may not exceed $3,500 **minus** the amount claimed under the Residence Exemption.)

| Description Of Property | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| Any property owned by the debtor(s), not otherwise claimed as exempt. | | | | $3,500.00 |
| N/A | | | | |

| | |
|---|---|
| **TOTAL NET VALUE:** | $3,500.00 |
| **AMOUNT CLAIMED AS EXEMPT:** | $3,500.00 |

9. **INDIVIDUAL RETIREMENT ACCOUNTS**: All money in individual retirement accounts as described in Section 1C-1601(a)(9) of the North Carolina General Statutes.

10. **TENANCY BY THE ENTIRETY: All the equity** in the following property is claimed as exempt pursuant to 11 USC 522(b)(2)(B) and the law of the State of North Carolina pertaining to property held as tenants by the entirety. (No limit on amount or number of items.)

| Description of Property & Address |
|---|
| 1. Home and Land: 129 Friendship Crossing Roxboro NC 27574 |
| 2. |

11. **NORTH CAROLINA PENSION FUND EXEMPTIONS:**

| Exemption | Amount |
|---|---|
| a. North Carolina Local Government Employees Retirement Benefits NCGS 128-31 | |
| b. North Carolina Teachers and State Employee Retirement Benefits NCGS 135-9 | |
| c. Fireman's Relief Fund pensions NCGS 58-86-90 | |
| d. Fraternal Benefit Society benefits NCGS 58-24-85 | |

| | | |
|---|---|---|
| e. | Benefits under the Supplemental Retirement Income Plan for teachers and state employees are exempt from levy, sale, and garnishment NCGS 135-95 | |
| f. | Benefits under the Supplemental Retirement Income Plan for state law enforcement officers are exempt from levy, sale, and garnishment NCGS 143-166.30(g) | |

| | |
|---|---|
| **AMOUNT CLAIMED AS EXEMPT:** | **$0.00** |

12. **OTHER EXEMPTIONS CLAIMED UNDER THE LAWS OF THE STATE OF NORTH CAROLINA:**

| | Exemption | Amount |
|---|---|---|
| a. | Aid to the Aged, Disabled and Families with Dependent Children NCGS 108A-36 | |
| b. | Aid to the Blind NCGS 111-18 | |
| c. | Yearly Allowance for Surviving Spouse, NCGS 30-15, NCGS 30-33 | |
| d. | Fireman's Relief Fund pensions, NCGS 118-49 | |
| e. | Fraternal Benefit Society benefits, NCGS 58-283 | |
| f. | Workers Compensation Benefits, NCGS 97-21 | |
| g. | Unemployment benefits, NCGS 96-17 | |
| h. | Group insurance proceeds, NCGS 58-213 | |
| i. | Partnership property, except on a claim against the partnership, NCGS 59-55 | |
| j. | Wages of debtor necessary for the support of family, NCGS 1-362 | |

| | |
|---|---|
| **AMOUNT CLAIMED AS EXEMPT:** | $0.00 |

13. **FEDERAL PENSION FUND EXEMPTIONS:**

| | Exemption | Amount |
|---|---|---|
| a. | Foreign Service Retirement and Disability Payments  22 USC 4060 | |
| b. | Civil Service Retirement Benefits 5 USC 8346 | |
| c. | Railroad Retirement Act annuities and pensions 45 USC 231m | |
| d. | Veteran benefits 38 USC 5301 | |
| e. | Special pension paid to winners of Congressional Medal of Honor 38 USC 1562 | |
| f. | Annuities payable for service in the General Accounting Office 31 USC 776 | |

| | |
|---|---|
| **AMOUNT CLAIMED AS EXEMPT:** | $0.00 |

14. **OTHER EXEMPTIONS CLAIMED UNDER NON-BANKRUPTCY FEDERAL LAW:**

| | Exemption | Amount |
|---|---|---|
| a. | Foreign Service Retirement and Disability Payments, 22USC 1104 | |
| b. | Social Security Benefits, 42 USC 407 | |

| | |
|---|---|
| c. Civil Service Retirement Benefits, 5 USC 729, 2265 | |
| d. Railroad Retirement Act annuities and pensions, 45 USC 228 (1) | |
| e. Veteran Benefits, 45 USC 352(E) | |

| | |
|---|---|
| **AMOUNT CLAIMED AS EXEMPT:** | $0.00 |

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**

I, the undersigned Debtor, declares under penalty of perjury that I have read the foregoing document, consisting of 14 paragraphs on consecutive pages, and that they are true and correct to the best of my knowledge, information and belief.


Dated: 2/16/05


s/ Lisa Rogers

Lisa Rogers

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION
(rev. 1/4/04)

In Re:

**Terry Rogers and Lisa Rogers**

Debtors.

**CHAPTER 13 PLAN**

Case No. _____

The Debtors propose an initial plan, which is subject to modification, as follows:

This document and the attached CH. 13 PLAN - DEBTS SHEET (MIDDLE) shall, together, constitute the proposed plan; and all references herein are to corresponding sections of said attached document.

1. **Payments to the Trustee**: The Debtors propose to pay to the Trustee from future earnings consecutively monthly payments, for distribution to creditors after payment of costs of administration. See "PROPOSED PLAN PAYMENT" section for amount of monthly payment and the duration.

2. **Payments made directly to creditors**: The Debtors propose to make regular monthly payments directly to the following creditors: See "DIRECT PAYMENT" section.

3. **Disbursements by the Trustee**: The Debtors propose that the Trustee make the following distributions to creditors after payment of costs of administration as follows: See "INSIDE PLAN" section. More specifically:

4. The following secured creditors shall receive their regular monthly contract payment: See "LTD - Retain / DOT on Principal Res. / Other" section. At the end of the plan, Debtors will resume making payments directly to the creditor on any such debt not paid in full during the life of the plan.

    (A) The following secured creditors shall be paid in full on their arrearage claims over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "Arrearage Claims" section.

    (B) The following creditors have partially secured and partially unsecured claims. The secured part of the claim shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "STD Retain/Secured Debts (Paid at FMV)" and "Secured Taxes" sections.

    (C) The following secured creditors shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See "STD - Retain / Secured Debts (Pay 100%)" section.

    (D) The following priority claims shall be paid in full by means of deferred payment: See "Unsecured Priority" section.

    (E) The following co-signed claims shall be paid in full by means of deferred payments: See "Cosign / Student Loans (@ 100%)" section.

    (F) After payment of allowed costs of administration, priority and secured claims, the balance of the funds paid to the Trustee shall be paid to allowed general unsecured claims. The exact amount available for unsecured creditors cannot be determined until all claims are filed and allowed. However, at this time, it is anticipated that the return to general unsecured creditors will be not less than the percentage indicated in the "General Unsecured" section.

5. **Property to be surrendered**: The Debtors propose to retain all property serving as collateral for secured claims, except for the following property, which shall be surrendered to the corresponding secured creditor(s): See "SURRENDER COLLATERAL" section. Unless an itemized Proof of Claim for any deficiency is filed within 120 days after confirmation of this plan, said creditor shall not receive any further distribution from the trustee. Any personal property serving as collateral for a secured claim which is surrendered, either by in the confirmation order or by other court order, which the lien holder does not take possession of within 240 days of the entry of such order shall be deemed abandoned and said lien cancelled.

6. **Executory contracts**: The Debtors propose to maintain, but not assume, payments on all executory contracts and leases, except those being rejected. See "REJECTED EXECUTORY CONTRACTS / LEASES" section.

7. **Retention of Consumer Rights Causes of Action**: Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

8. **Standing for Consumer Rights Causes of Action**: Confirmation of this plan shall vest in the debtor(s) full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

9. **Termination of Liens**: Upon the satisfaction of an allowed security claim in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor(s) or the attorney for the debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision and upon failure to so comply, such a party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and in appropriate cases to special damages and punitive damages. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

10. **Jurisdiction for Non-Core Matters**: Confirmation of this plan shall constitute the expressed consent by any party in interest in this case, or any one or more of them, including all creditor or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by Section 157(c)(2) of Title 28 of the United States Code.

11. **Transfer of Claims**: If a claim has been transferred by the holder thereof after the holder has filed a proof of claim with the Trustee, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, with the Trustee, and with the attorney for the debtor(s) shall not serve to remove the transferor as a creditor in this case and in such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

12. **Obligations of Mortgagors**: Confirmation of this plan shall impose an affirmative duty on the holders of all claims secured by mortgages or deeds of trust on real

property of this estate to: (a) apply any payments received from the Trustee under the plan only to the pre-petition arrears provided for in the confirmed plan; (b) apply any payments received form the Trustee under the plan as the same is designated by the Trustee, that is to either pre-petition interest or pre-petition principal as the case may be; (c) apply all post-petition payments received from the debtor(s), directly and/or from through the Chapter 13 Trustee, to the post-petition mortgage obligations of the debtor(s) for the actual months for which such payments are made; (d) refrain from the practice of imposing late charges when the only delinquency is attributable to the pre-petition arrears included in the plan; (e) refrain from the imposition of monthly inspection fees or any other type of bankruptcy monitoring fee without prior approval of the Bankruptcy Court after notice and hearing; (f) refrain from the imposition of any legal or paralegal fees or similar charges incurred post-petition without prior approval of the Bankruptcy Court after notice and hearing; (g) refrain from the use of "suspension accounts" or other similar devices which serve to prevent the immediate application to the account of the debtor(s) of any mortgage payments of either principal or interest; and (h) refrain from including in any proof of claim filed with the Trustee any post-petition charges or fees of any nature whatsoever for the review of the plan, schedules or other documents filed by the debtor(s), for any review and analysis of the loan documents, for the preparation and filing of the proof of claim, and for attending the 341(s) meeting of creditor or a continued meeting of creditors; provided that such fees and charges have not been approved by the Bankruptcy Court after proper notice and hearing. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with these provisions and upon failure to so comply such a party will be liable for liquidated and fixed damages of no less than $2,000.00 for each and every breach thereof plus reasonable legal fees and in appropriate cases to special damages and punitive damages. This provision shall be enforced in a proceeding filed before the bankruptcy Court and each such secured creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims herein.

13. **Arbitration**: Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the debtor(s) herein.

14. **Post-petition tax claims**: Except if the Debtors choose otherwise, any such claims allowed pursuant to 11 USC 1305(b) shall be paid "outside" the Chapter 13 plan, directly by the Debtors.

15. **Offers in Compromise**: The Internal Revenue Service shall, pursuant to I.R.C. §7122 (a) (2002) and 11 U.S.C. §§105 and 525 (a), and notwithstanding any provisions of the Internal Revenue Manual, consider any properly tendered Offer in Compromise by the Debtor(s). This provision shall not be construed to require the Internal Revenue Service to accept any such Offer in Compromise, but the Internal Revenue Service shall consider such Offer in Compromise as if the Debtor(s) were not in an on-going bankruptcy. In the event that an Offer in Compromise is accepted by the Internal Revenue Service and any tax obligation is reduced, the Chapter 13 Trustee shall review the Chapter 13 payment to determine if a reduction is feasible.

16. **Other provisions of plan (if any)**: See "OTHER PROVISIONS" section.

## Definitions

**LTD**: Long Term Debt and refers to both: (1) Debts which cannot be modified due to section 1322(b)(2), and (2) Debts where modification in the plan will not result in a payment lower than the contract payment.

**STD**    Short Term Debt and refers to debts where the months left on the contract are less than or equal to 60 months.

**Retain**    Means the debtors intend to retain possession and/or ownership of the collateral securing a debt.

**\***    Means the debtors intend to include at least one(1) post-petition payment in with the arrearage.

Dated: 2/16/05

s/ Terry Rogers
_____
Terry Rogers


s/ Lisa Rogers
_____
Lisa Rogers

Page 2 of 3

## CH. 13 PLAN - DEBTS SHEET (MIDDLE)

**Debtor Name(s):** **Terry Rogers and Lisa Rogers**

| DIRECT PAYMENT |
|---|
| **Retain Collateral & Pay Debt Outside of Plan** |
| None |

| SURRENDER COLLATERAL | |
|---|---|
| **Creditor Name** | **Description of Collateral** |
| Equity One | 1994 Pontaic Bonneville |

### INSIDE PLAN

| Arrearage Claims | | |
|---|---|---|
| **Creditor** | **\*\*** | **Amount of Arrearage** |
| Green Tree | \*\* | $3,532.00 |

| REJECTED EXECUTORY CONTRACT/LEASES | |
|---|---|
| **Creditor Name** | **Description of Collateral** |
| None | Not Applicable |

| LTD - Retain / DOT on Principal Res. / Other | Mo. Contract Amt. | \*\* | Type of Collateral |
|---|---|---|---|
| Green Tree | $849.00 | \*\* | House & Land: 129 Friendship Crossing |

| STD - Retain / Secured Debts (Paid at FMV) | Payoff Amt. > FMV | Int. % | Type of Collateral |
|---|---|---|---|
| Transouth | $8,707.00 | 6 | Motor Vehicle: 1998 GMC Suburban |

| STD - Retain / Secured Debts (Pay 100%) | Payoff Amt. < FMV | Int. % | Type of Collateral |
|---|---|---|---|
| None | N/A | N/A | None |

| Secured Taxes | Secured Amt. |
|---|---|
| I.R.S. | 0.00 |
| State: | 0.00 |
| Real Property:   Person County | $1,619.00 |

| Unsecured Priority | Amount |
|---|---|
| I.R.S. | 0.00 |
| State: | 0.00 |
| Personal Property: | 0.00 |
| Alimony or Child Support/Bad Checks | 0.00 |

| Cosign/Student Loans (@ 100%) | Int. % | Payoff Amt. |
|---|---|---|
| None | N/A | 0.00 |

| General Unsecured | the lesser of 25% or total of 57 months |
|---|---|

| PROPOSED PLAN PAYMENT |
|---|
| **$1,283.00 a month fora minimum of 36 months** |

| OTHER PROVISIONS |
|---|
| Plan to allow 3 waivers on request |
| Lien release required on payment of secured claim |
| \*\* = Includes two (2) post-petition payment in plan. |

| middle1.wpt (rev.  1/4/04) | **Page 3 of 3** |
|---|---|

In re    **Terry Anthony Rogers,**                      Case No. _____

           **Lisa Paylor Rogers**

_____,

Debtors

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **974493389** | | | **2001** | | | | | |
| **Creditor #: 1**<br>**Green Tree**<br>**4625 River Green Parkway**<br>**Duluth, GA 30096** | | **J** | **1st Deed of Trust**<br><br>**Home and Land:**<br>**129 Friendship Crossing**<br>**Roxboro NC 27574** | | | | | |
| | | | Value $          **89,285.00** | | | | **88,348.00** | **0.00** |
| Account No. **0956124201** | | | **2001** | | | | | |
| **Creditor #: 2**<br>**Transouth**<br>**Post Office Box 40608**<br>**Raleigh, NC 27629-0608** | | **J** | **Purchase Money Security Interest**<br><br>**1998 GMC Suburban**<br>**GMAC Ins.Pol.#:071331801**<br>**Vin.#:3GKFK16R3WG503465**<br>**Mileage:132,001** | | | | | |
| | | | Value $          **8,707.00** | | | | **10,903.00** | **2,196.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

   __0__    continuation sheets attached

| | Subtotal<br>(Total of this page) | **99,251.00** |
|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **99,251.00** |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037             Best Case Bankruptcy

Form B6E
(04/04)

In re **Terry Anthony Rogers,**        Case No. _____
      **Lisa Paylor Rogers**
_____,
                      Debtors

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

■ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                 **1**   continuation sheets attached

Case 05-80469    Doc 1    Filed 02/16/05    Page 22 of 48

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                 Best Case Bankruptcy

Form B6E - Cont.
(04/04)

In re **Terry Anthony Rogers,**
  **Lisa Paylor Rogers**

Case No. _____

Debtors ,

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Creditor #: 1** **Internal Revenue Service (MD)**** **Attn: Special Procedures Staff** **320 Federal Place** **Greensboro, NC 27402** | | J | Possible Obligation | | | | 0.00 | 0.00 |
| Account No. **Creditor #: 2** **North Carolina Department of Revenue** **Post Office Box 1168** **Raleigh, NC 27602-1168** | | J | Possible Obligation | | | | 0.00 | 0.00 |
| Account No. **15126** **Creditor #: 3** **Person County Tax Collector** **Post Office Box 1701** **Roxboro, NC 27573** | | J | 2004 Real and Personal Property Taxes | | | | 1,619.06 | 1,619.06 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal (Total of this page) **1,619.06**

Total (Report on Summary of Schedules) **1,619.06**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

In re    **Terry Anthony Rogers,**
            **Lisa Paylor Rogers**

Case No. _____

_____,
                                        Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Creditor #: 1**<br>**Alltel**<br>**4129 Raeford Road**<br>**Fayetteville, NC 28304** | | J | **2003-2004**<br>**Services Rendered** | | | | 520.18 |
| Account No.<br><br>**Representing:**<br>**Alltel** | | | **First Collection Services**<br>**10925 Otter Creek E. Blvd.**<br>**Mabelvale, AR 72103** | | | | |
| Account No.<br><br>**Creditor #: 2**<br>**Alltel**<br>**4129 Raeford Road**<br>**Fayetteville, NC 28304** | | J | **2002-2004**<br>**Cellular Deficiency** | | | | 300.00 |
| Account No.<br><br>**Creditor #: 3**<br>**Capital One**<br>**Post Office Box 85015**<br>**Richmond, VA 23285-5015** | | J | **2003-2004**<br>**Credit card purchases** | | | | 1,504.00 |

_**5**_   continuation sheets attached

Subtotal
(Total of this page)

2,324.18

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037      S/N:25809-050105   Best Case Bankruptcy

In re   **Terry Anthony Rogers,**                             Case No. _____
           **Lisa Paylor Rogers**

_____,
                                 Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **4**<br>**Creditor #: 4**<br>**Central Carolina Bank**<br>**Post Office Box 931**<br>**Durham, NC 27702-0931** | | J | **2003**<br>**Bank fees** | | | | **204.00** |
| Account No. **5**<br>**Creditor #: 5**<br>**Charter Communications**<br>**Post Office Box 6764**<br>**Greenville, SC 29606-6764** | | J | **2001**<br>**Services Rendered** | | | | **136.00** |
| Account No. **6**<br>**Creditor #: 6**<br>**CR Consult**<br>**Post Office Box 14008**<br>**High Point, NC 27263** | | H | **2004**<br>**Collection Account** | | | | **262.00** |
| Account No. **7**<br>**Creditor #: 7**<br>**CR Consult**<br>**Post Office Box 14008**<br>**High Point, NC 27263** | | J | **2003**<br>**Collection Account** | | | | **279.00** |
| Account No. **8**<br>**Creditor #: 8**<br>**CR Consult**<br>**Post Office Box 14008**<br>**High Point, NC 27263** | | J | **2004**<br>**Collection Account** | | | | **599.00** |

Sheet no. __**1**___ of __**5**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims
                                 Subtotal         |   **1,480.00**
(Total of this page)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037         Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re **Terry Anthony Rogers,**           Case No. _____
      **Lisa Paylor Rogers**

                               Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br>**Creditor #: 9**<br>**Credit Bureau of Greensboro**<br>**Post Office Box 26140**<br>**Greensboro, NC 27402-0040** | | J | Possible Obligation | | | | 0.00 |
| Account No. 7894887<br>**Creditor #: 10**<br>**Direct TV**<br>**Customer Service**<br>**Post Office Box 70014**<br>**Boise, ID 83707-0114** | | J | 2004<br>Services Rendered | | | | 198.46 |
| Account No. <br>Representing:<br>**Direct TV** | | | Allied Interstate, Inc.<br>Post Office Box 369008<br>Columbus, OH 43236 | | | | |
| Account No. <br>**Creditor #: 11**<br>**Employment Security Commission**<br>**Attn: Benefit Payment Control**<br>**Post Office Box 25903**<br>**Raleigh, NC 27611-5903** | | J | Possible Obligation | | | | 0.00 |
| Account No. 49790209<br>**Creditor #: 12**<br>**Equity One**<br>**Post Office Box 8928**<br>**Greensboro, NC 27419-0928** | | J | 2003<br>Personal Loan | | | | 2,012.00 |

Sheet no. __2__ of __5__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)    **2,210.46**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

In re  **Terry Anthony Rogers,**
       **Lisa Paylor Rogers**

Case No. _____

_____,
                                        Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. **104523968** <br> **Creditor #: 13** <br> **Friedman's Jewelers**\*\* <br> **Post Office Box 8025** <br> **Savannah, GA 31412-8025** | | J | | **2003** <br> **Line of Credit** | | | | **1,500.00** |
| Account No. <br> **Creditor #: 14** <br> **JL Walston & Associates** <br> **1058 West Club Blvd, # 145** <br> **Durham, NC 27701-1167** | | H | | **2002** <br> **Collection Account** | | | | **64.00** |
| Account No. <br> **Creditor #: 15** <br> **JL Walston & Associates** <br> **1058 West Club Blvd, # 145** <br> **Durham, NC 27701-1167** | | W | | **2001** <br> **Collection Account** | | | | **329.00** |
| Account No. <br> **Creditor #: 16** <br> **JL Walston & Associates** <br> **1058 West Club Blvd, # 145** <br> **Durham, NC 27701-1167** | | J | | **2000** <br> **Collection Account** | | | | **249.00** |
| Account No. <br> **Creditor #: 17** <br> **JL Walston & Associates** <br> **1058 West Club Blvd, # 145** <br> **Durham, NC 27701-1167** | | J | | **2000** <br> **Collection Account** | | | | **469.00** |

Sheet no. __**3**__ of __**5**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**2,611.00**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re  **Terry Anthony Rogers,**
 **Lisa Paylor Rogers**

Case No. _____

_____ ,
Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **V0009443376** <br><br>**Creditor #: 18**<br>**Person Memorial Hospital**<br>**615 Ridge Road**<br>**Roxboro, NC 27573** | | J | **2004**<br>**Medical Bills** | | | | **391.00** |
| Account No. <br><br>**Creditor #: 19**<br>**Person Memorial Hospital**<br>**615 Ridge Road**<br>**Roxboro, NC 27573** | | J | **2000**<br>**Medical Bill** | | | | **469.00** |
| Account No. <br><br>**Creditor #: 20**<br>**SLM Financial Corporation**<br>**3000 Lincoln Dr. East, Ste. F**<br>**Marlton, NJ 08053** | | J | **2002**<br>**Personal Loan** | | | | **2,000.00** |
| Account No. 3365989259832 <br><br>**Creditor #: 21**<br>**Sprint**<br>**Post Office Box 96028**<br>**Charlotte, NC 28296-0028** | | J | **2003-2005**<br>**Services Rendered** | | | | **661.14** |
| Account No. <br><br>**Representing:**<br>**Sprint** | | | **Omnium**<br>**7171 Mercy Road**<br>**Omaha, NE 68106** | | | | |

Sheet no. __**4**__ of __**5**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**3,521.14**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re **Terry Anthony Rogers,**
     **Lisa Paylor Rogers**

Case No. _____

_____,
Debtors

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W / J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **VER1677242600081**<br><br>**Creditor #: 22**<br>**Verizon**<br>**One Alpharetta Place**<br>**Alpharetta, GA 30004** | | J | | **2003-2004**<br>**Services Rendered** | | | | **1,159.07** |
| Account No.<br><br>**Representing:**<br>**Verizon** | | | | **Allied Interstate**<br>**PO Box 361566**<br>**Columbus, OH 43236** | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __5__ of __5__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | **1,159.07** |
| | Total<br>(Report on Summary of Schedules) | **13,305.85** |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re    **Terry Anthony Rogers,**
       **Lisa Paylor Rogers**

Case No. _____

_____,
                         Debtors

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:   A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate
         schedule of creditors.

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

   **0**   continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037
                                               Best Case Bankruptcy

In re    **Terry Anthony Rogers,**
         **Lisa Paylor Rogers**

Case No. _____

_____,

Debtors

# SCHEDULE H. CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| | |

___0___  continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re   **Terry Anthony Rogers**
       **Lisa Paylor Rogers**                Case No. _____

                                   Debtor(s)

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP<br>    Daughter<br>    Daughter<br>    Daughter<br>    Son | AGE<br>11<br>15<br>17<br>9 |

| **EMPLOYMENT** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Asst.Manager** | **Health Unit Coordinator** |
| Name of Employer | **Prime Time Rentals** | **Duke University Health Systems** |
| How long employed | **12 Years** | **7 Months** |
| Address of Employer | **1047-B Durham Road**<br>**Roxboro, NC 27573** | **3404 Wake Forest Road**<br>**Suite 202**<br>**Raleigh, NC 27609** |

INCOME: (Estimate of average monthly income)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | **2,222.74** | $ | **2,290.95** |
| Estimated monthly overtime | $ | **0.00** | $ | **0.00** |
| SUBTOTAL | $ | **2,222.74** | $ | **2,290.95** |
| LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | **569.83** | $ | **483.23** |
| b. Insurance | $ | **0.00** | $ | **0.00** |
| c. Union dues | $ | **0.00** | $ | **0.00** |
| d. Other (Specify) | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **569.83** | $ | **483.23** |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | **1,652.91** | $ | **1,807.72** |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | **0.00** | $ | **0.00** |
| Income from real property | $ | **0.00** | $ | **0.00** |
| Interest and dividends | $ | **0.00** | $ | **0.00** |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| Social security or other government assistance<br>(Specify) **Social Security Death Benefits** | $ | **700.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| Pension or retirement income | $ | **0.00** | $ | **0.00** |
| Other monthly income<br>(Specify) | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| TOTAL MONTHLY INCOME | $ | **2,352.91** | $ | **1,807.72** |

TOTAL COMBINED MONTHLY INCOME    $ _____ **4,160.63**     (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

**Terry Anthony Rogers**
     **Lisa Paylor Rogers**                                    Case No. _____
                              _____
                                      Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

   Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

○   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | | $ | 0.00 |
| Are real estate taxes included? | Yes ___   No  **X** | | |
| Is property insurance included? | Yes ___   No  **X** | | |
| Utilities:     Electricity and heating fuel | | $ | 240.00 |
|             Water and sewer | | $ | 0.00 |
|             Telephone | | $ | 82.63 |
|             Other     **See Detailed Expense Attachment** | | $ | 180.00 |
| Home maintenance (repairs and upkeep) | | $ | 100.00 |
| Food | | $ | 1,000.00 |
| Clothing | | $ | 200.00 |
| Laundry and dry cleaning | | $ | 100.00 |
| Medical and dental expenses | | $ | 100.00 |
| Transportation (not including car payments) | | $ | 240.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 100.00 |
| Charitable contributions | | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | | |
|             Homeowner's or renter's | | $ | 0.00 |
|             Life | | $ | 0.00 |
|             Health | | $ | 0.00 |
|             Auto | | $ | 182.00 |
|             Other | | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | | |
|       (Specify)     **See Detailed Expense Attachment** | | $ | 153.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan.) | | | |
|             Auto | | $ | 0.00 |
|             Other | | $ | 0.00 |
|             Other | | $ | 0.00 |
|             Other | | $ | 0.00 |
| Alimony, maintenance, and support paid to others | | $ | 0.00 |
| Payments for support of additional dependents not living at your home | | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| Other     **Emergencies/Miscellaneous/Personal Grooming** | | $ | 200.00 |
| Other | | $ | 0.00 |

| | | | |
|---|---|---|---|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | $ | 2,877.63 |

**[FOR CHAPTER 12 AND 13 DEBTORS ONLY]**
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | | |
|---|---|---|---|
| A.   Total projected monthly income | | $ | 4,160.63 |
| B.   Total projected monthly expenses | | $ | 2,877.63 |
| C.   Excess income (A minus B) | | $ | 1,283.00 |
| D.   Total amount to be paid into plan each | **Monthly** | $ | 1,283.00 |
| | (interval) | | |

In re <u>**Terry Anthony Rogers**</u>
<u>**Lisa Paylor Rogers**</u>                                    Case No. _____
                          Debtor(s)

## SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| **Cable Television** | $ | **80.00** |
| **Cell Phone (2)** | $ | **100.00** |
| **Total Other Utility Expenditures** | $ | **180.00** |

**Specific Tax Expenditures:**

| | | |
|---|---|---|
| **Real Property Taxes** | $ | **133.00** |
| **Personal Property Taxes** | $ | **20.00** |
| **Total Tax Expenditures** | $ | **153.00** |

# United States Bankruptcy Court
## Middle District of North Carolina

In re    **Terry Anthony Rogers**
   **Lisa Paylor Rogers** _____    Case No. _____

                                              Debtor(s)    Chapter    **13** _____

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

### 1. Income from employment or operation of business

None
○

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| **$3,000.00** | **2005-Employment-Year to Date-Husband** |
| **$28,237.98** | **2004-Employment-Husband** |
| **$32,913.56** | **2003-Employment-Husband** |
| **$3,000.00** | **2005-Employment-Year to Date-Wife** |
| **$34,191.35** | **2004-Employment-Wife** |
| **$16,655.95** | **2003-Employment-Wife** |

**2. Income other than from employment or operation of business**

None
○

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT | SOURCE
**$700.00** | **2005-Social Security-Yesr to Date**

**3. Payments to creditors**

None
○

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Paid ordinary payments, in part, on bills and loans.** | | **$0.00** | **$0.00** |

None
n

b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
○

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Green Tree Vs. Terry and Lisa Rogers** | **Notice of Hearing for Foreclosure** | **Person County Superior Court** | **Foreclosure** |

None
n

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
n

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
☐    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
☐    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None
☐    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None
☐    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None
☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Law Offices of John T. Orcutt**<br>**6616-203 Six Forks Rd**<br>**Raleigh, NC 27615** | **2/2/05-2/9/05** | **PACER Access Fee: $5.00/Credit Report Fee(s): $ 20.00/Court Search Fee(s):$20.00/Filing Fee(s):$194.00** |

**10. Other transfers**

None
☐    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

**11. Closed financial accounts**

None
n

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None
n

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
n

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
n

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
n

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None
n

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☐ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☐ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☐ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☐ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
n

a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                     DATES SERVICES RENDERED

None
n

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                    ADDRESS                     DATES SERVICES RENDERED

None
n

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                     ADDRESS

None
n

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                                     DATE ISSUED

### 20. Inventories

None
n

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY          INVENTORY SUPERVISOR          DOLLAR AMOUNT OF INVENTORY
(Specify cost, market or other basis)

None
n

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY          NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None
n

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

None
n

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS          TITLE          NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

**22 . Former partners, officers, directors and shareholders**

None
⊓
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                                    ADDRESS                                    DATE OF WITHDRAWAL

None
⊓
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                              DATE OF TERMINATION

**23 . Withdrawals from a partnership or distributions by a corporation**

None
⊓
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,                           DATE AND PURPOSE                AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR           OF WITHDRAWAL                    OR DESCRIPTION AND
                                                                                    VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None
⊓
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                              TAXPAYER IDENTIFICATION NUMBER

**25. Pension Funds.**

None
⊓
If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                        TAXPAYER IDENTIFICATION NUMBER

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **February 16, 2005**　　　　　　　　　Signature  **/s/ Terry Anthony Rogers**

　　　　　　　　　　　　　　　　　　　　　　　**Terry Anthony Rogers**
　　　　　　　　　　　　　　　　　　　　　　　Debtor


Date  **February 16, 2005**　　　　　　　　　Signature  **/s/ Lisa Paylor Rogers**

　　　　　　　　　　　　　　　　　　　　　　　**Lisa Paylor Rogers**
　　　　　　　　　　　　　　　　　　　　　　　Joint Debtor

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

for John T. Orcutt
The Law Offices of John T. Orcutt, PC
6616-203 Six Forks Road
Raleigh, NC 27615


Terry Anthony Rogers
129 Friendship Crossing
Roxboro, NC 27574


Lisa Paylor Rogers
129 Friendship Crossing
Roxboro, NC 27574


North Carolina Department of Revenue
c/o NC Department of Justice
Post Office Box 629
Raleigh, NC 27602-0629


North Carolina Employment Security
Commission
Post Office Box 26504
Raleigh, NC 27611


Internal Revenue Service (MD)
Attn: Special Procedures Staff
320 Federal Place, Rooom 335
Greensboro, NC 27402


Credit Bureau
Post Office Box 26140
Greensboro, NC 27402


Allied Interstate
PO Box 361566
Columbus, OH 43236


Allied Interstate, Inc.
Post Office Box 369008
Columbus, OH 43236


Alltel
4129 Raeford Road
Fayetteville, NC 28304

Capital One
Post Office Box 85015
Richmond, VA 23285-5015


Central Carolina Bank
Post Office Box 931
Durham, NC 27702-0931


Charter Communications
Post Office Box 6764
Greenville, SC 29606-6764


CR Consult
Post Office Box 14008
High Point, NC 27263


Credit Bureau of Greensboro
Post Office Box 26140
Greensboro, NC 27402-0040


Direct TV
Customer Service
Post Office Box 70014
Boise, ID 83707-0114


Employment Security Commission
Attn: Benefit Payment Control
Post Office Box 25903
Raleigh, NC 27611-5903


Equity One
Post Office Box 8928
Greensboro, NC 27419-0928


First Collection Services
10925 Otter Creek E. Blvd.
Mabelvale, AR 72103


Friedman's Jewelers**
Post Office Box 8025
Savannah, GA 31412-8025


Green Tree
4625 River Green Parkway
Duluth, GA 30096

Internal Revenue Service (MD)**
Attn: Special Procedures Staff
320 Federal Place
Greensboro, NC 27402


JL Walston & Associates
1058 West Club Blvd, # 145
Durham, NC 27701-1167


North Carolina Department of Revenue
Post Office Box 1168
Raleigh, NC 27602-1168


Omnium
7171 Mercy Road
Omaha, NE 68106


Person County Tax Collector
Post Office Box 1701
Roxboro, NC 27573


Person Memorial Hospital
615 Ridge Road
Roxboro, NC 27573


SLM Financial Corporation
3000 Lincoln Dr. East, Ste. F
Marlton, NJ 08053


Sprint
Post Office Box 96028
Charlotte, NC 28296-0028


Transouth
Post Office Box 40608
Raleigh, NC 27629-0608


Verizon
One Alpharetta Place
Alpharetta, GA 30004

# United States Bankruptcy Court
## Middle District of North Carolina

In re   **Terry Anthony Rogers**
      **Lisa Paylor Rogers**                              Case No. _____

                                  Debtor(s)        Chapter    **13** _____

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:   **February 16, 2005**              **/s/ Terry Anthony Rogers**
                                            **Terry Anthony Rogers**
                                            Signature of Debtor

Date:   **February 16, 2005**              **/s/ Lisa Paylor Rogers**
                                              **Lisa Paylor Rogers**
                                            Signature of Debtor

Software Copyright (c) 1996-2001 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                 Best Case Bankruptcy

# United States Bankruptcy Court
## Middle District of North Carolina

In re    **Terry Anthony Rogers,**
         **Lisa Paylor Rogers**

Case No. _____

Chapter _____ **13** _____

Debtors

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | 89,285.00 | | |
| B - Personal Property | Yes | 16 | 12,757.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 99,251.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 2 | | 1,619.06 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | 13,305.85 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 4,160.63 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 2,877.63 |
| Total Number of Sheets of ALL Schedules | | 31 | | | |
| | Total Assets | | 102,042.00 | | |
| | | Total Liabilities | 114,175.91 | | |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

# United States Bankruptcy Court
## Middle District of North Carolina

In re    **Terry Anthony Rogers**
        **Lisa Paylor Rogers**
_____    Case No. _____

                                              Debtor(s)      Chapter    **13** _____

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ **32** ___ sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **February 16, 2005** _____      Signature   **/s/ Terry Anthony Rogers** _____

                                                     **Terry Anthony Rogers**
                                                     Debtor

Date   **February 16, 2005** _____      Signature   **/s/ Lisa Paylor Rogers** _____

                                                     **Lisa Paylor Rogers**
                                                     Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy